## JOHN KLUMP v. JOHN G. LIEBOLD.

[Abstract Kentucky Law Reporter, Vol. 3—684.]

**Estoppel.**

If a party has an interest to prevent an act being done, and acquiesces in it so as to induce a belief that he consents to it, and the position and right of others is altered by their giving credit to his sincerity, he is estopped from challenging the act to their prejudice.

**Estoppel by words and conduct.**

One who acquiesces in the erection of a column when it is partly on his land, by both words and conduct intimates his consent thereto, was present while the work was being done and expressed his satisfaction with it, is estopped from thereafter objecting to it.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 19, 1882.

OPINION BY JUDGE LEWIS:

The evidence in this case is conclusive that appellant not only acquiesced in the erection of the column by appellee upon his side of the boundary line, but by both words and conduct intimated his consent thereto. As the division line as claimed by him was plainly described by the partition wall it is unreasonable to suppose that he, being present while the work was being done, was ignorant of the position of the column relative to that line. Not only do other witnesses besides appellee testify that

he was present and observed the work as it progressed and expressed himself satisfied with it, but he in his own deposition states that he told appellee he would be satisfied with the erection of the column if no further damage was done to him.

The doctrine is familiar and well settled that "If a party has an interest to prevent an act being done, and acquiesces in it so as to induce a reasonable belief that he consents to it, and the position of others is altered by their giving credit to his sincerity, he has no more right to challenge the act to their prejudice than he would have had it been done by his previous license."

By an evident mistake in the two deeds from Knoller to appellant and appellee there was conveyed to the former nine and one-half inches more of land, and to the latter the same quantity less than they respectively purchased and believed they were getting. This fact was demonstrated by the survey made at the instance of appellee and was known to both of them while the improvement of appellee's portion of the house was going on. While, therefore, it can not be said that appellee erected the column in ignorance of the true position of the dividing line between them, the knowledge revealed by that survey to the appellant that he had obtained by the deed a greater and appellee a less quantity of land than they purchased and expected to get, may have induced appellant to the placing of the column at or near where they both believed, until the survey was made, the true line was.

Under the circumstances of this case we are of the opinion that appellant has not manifested any right to the relief sought in this case, particularly as to grant it would leave appellant without any recompense for the expenditure he was induced to make by the license and permission of appellant.

Wherefore the judgment of the court below is *affirmed.*

*Barrett & Brown, John Barrett, for appellant.*

*R. C. Davis, for appellee.*

[Cited, *Wright v. Williams,* 25 Ky. L. 1377, 77 S. W. 1128.]